By the Court:

Fithian, J.
The tenor and effect of the contract above set' forth between the defendants Sears and Judson, giving effect to all its provisions, is that, in consideration of the defendant Sears’ loaning to defendant Judson four thousand dollars, to be used hr the business of selling rights in the patent, and put at the risk of the business, and to be paid out of proceeds of whole patent sales, defendant Judson agrees to and does sell- to Sears one ' quarter interest in the patent for fifteen thousand dollars, to be paid only out of the net proceeds of such quarter interest; and' that the .defendant Judson should proceed, as agent of the whole *431 patent, to transact business of selling rights and interests in the patent in his own name, and upon a salary payable out of the profits alone; and, further, expressly stipulating that the agreement should not operate to authorize a joint “ business, or manufacture, or partnership,” but solely to constitute the parties “joint owners of the patent right.” I regard it as immaterial to speculate whether this agreement did or not, in some respects, make the parties thereto partners in the business. For, however that may be, if I am right in my construction of the agreement, the defendant Sears is to bear no losses or expenses on account of the business, other or in addition to the four thousand dollars which he put at the risk of the business; while all other loss, if any, is to be borne by the defendant Judson. It is clearly competent for partners even, as between themselves, to enter into any stipulations they please as to how and in whose name the business shall be conducted, and what shall be the proportion of loss or profit to be borne or received by either respectively; and the courts will uphold and enforce such agreements as against the parties thereto, and all other persons dealing with either partner, with full knowledge of all the facts in respect to the rights and responsibilities of others with whom he does not deal.
The plaintiff cannot, therefore, rely upon this contract alone to charge Sears; because, if he use it at all, he must take it as a whole. He cannot avail himself of such provisions in the agreement as, standing by themselves, would tend to establish a partnership between Sears and Judson, for the purpose of charging Sears, while he rejects other clauses that discharge him. The agreement is evidence as well for Sears as against him, and by it he is exempt from liability.
The only remaining question is whether Sears has in any manner held himself out to plaintiff, or other persons, or knowingly permitted Judson, so to hold him out as an ostensible partner in this business % I do not find any evidence in the case of any such fact. The agreement, and the lease itself, were made (on the part of the lessee) by Judson alone. By no agreement, verbal or written, not even by tacit consent, did the defendant Sears *432 "ever authorize Judson to use the name of the “ Horseshoe Co.,” or connect him (Seal’s) with any such company, or any company. Judson was “to transact all business” and make all grants in his own name ; and defendant Sears swears positively (and there is no evidence to the contrary) that he never was consulted about the making the lease; and “ never heard or dreamed of any company,” until demand made on him for rent. This is not like a case of a “ dormant ” or secret partner, having an interest in the capital and profits of a business authorized to be carried on by his co-partners in a certain firm name. For in such case the firm name would be his name. Here there was no firm or company whatever created or authorized to exist. In no way, directly or indirectly, either as principal or by any authorized agent, was there any privity of contract, between plaintiff and tiie defendant Sears.
The judgment should be affirmed, with costs.